IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROSETTA PERRY, et al.,

                            Plaintiffs,

v.                                                CIVIL ACTION NO.   2:20-cv-00317

THE UNITED STATES OF AMERICA, et al.,

                            Defendants.


## ORDER

Pending before the court is Plaintiffs' Motion for Reconsideration [ECF No. 15] of my earlier Order dismissing this case [ECF No. 13]. Though Plaintiffs' Motion for Reconsideration does not specify the applicable Federal Rule of Civil Procedure, the Court presumes the motion is brought pursuant to Rule 59(e), the usual vehicle for such motions. The United States responded to the motion [ECF No. 16] and Plaintiffs failed to reply. The motion is now ripe for consideration. For the reasons stated below, the motion [ECF No. 15] is **DENIED**.

## I.    Background

Plaintiffs filed their Complaint [ECF No. 1] on May 5, 2020, initiating this civil action. The next day, the Clerk issued electronic summonses for Defendants New River Health Association, Inc. ("New River") [ECF No. 2] and the United States of America [ECF No. 3]. Plaintiffs were then required to serve Defendants in accordance with Federal Rule of Civil Procedure 4. On August 12, 2020, I entered an Order [ECF

No. 8] directing Plaintiffs to demonstrate good cause for failing to serve Defendants within 90 days of filing the complaint, as required by Federal Rule of Civil Procedure 4(m). Plaintiffs responded on August 21, 2020, arguing that the United States was properly served because Plaintiff had directed the West Virginia Secretary of State to serve the United States Attorney for the Southern District of West Virginia via certified mail. [ECF No. 9]. Plaintiffs' Response did not discuss at all whether they had good cause for failing to properly serve New River and the Attorney General of the United States. [ECF No. 9]. Therefore, I held that Plaintiffs failed to demonstrate good cause and dismissed this case without prejudice on September 8, 2020. [ECF No. 13].

Plaintiffs now ask me to reconsider my dismissal. [ECF No. 15].

## II.   Legal Standard

"In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2810.1, at 124 (2d ed. 1995)). "Rule 59(e) permits a court to amend a judgment . . . for three reasons: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997) (citing *Hutchison v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). Courts "will not address new arguments or evidence that the moving

2

party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020).

The three grounds on which a party can use Rule 59(e) to challenge a judgment leave no room for rehashing arguments made prior to the judgment or which could have been made prior to the judgment. *See Pac. Ins. Co.*, 148 F.3d at 403 ("Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the parties had the ability to address in the first instance."); *id.* ("'The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'") (quoting 11 WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2810.1, at 127–28 (2d ed. 1995)). "A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion." *Smith v. Donahoe*, 917 F. Supp. 2d 562, 572 (E.D. Va. 2013).

## III.    Discussion

Plaintiffs fail to meet the standard for reconsideration in this case. In fact, Plaintiffs do not even cite the applicable standard or discuss any of the available grounds in their Motion. Instead, Plaintiffs argue for the first time that New River was properly served on July 7, 2020, *prior* to my Order to Show Cause. *See* [ECF No. 15, at 2]. Even if true, this argument was available to Plaintiffs at the time they responded to the Order to Show Cause. Because Rule 59(e) "may not be used . . . to

raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the parties had the ability to address in the first instance," this argument does not provide grounds upon which I could reconsider my ruling. *Pac. Ins. Co.*, 148 F.3d at 403. Further, the remainder of Plaintiffs' Motion does nothing more than rehash their arguments that service upon the United States Attorney was proper through the West Virginia Secretary of State and that they should not be penalized for "attempting to find alternatives to personal service" during the COVID-19 pandemic. [ECF No. 15, at 3]. Because Rule 59(e) "may not be used to relitigate old matters," these arguments also fail to provide grounds for reconsideration. *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2810.1, at 127–28 (2d ed. 1995)).

## IV.    Conclusion

Plaintiffs fail to argue any of the three available grounds upon which to grant a Motion for Reconsideration. Therefore, the Motion [ECF No. 15] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        January 6, 2021

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

4